[No. 20381-9-I. Division One. January 17, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. MARVIN LEE JENKINS, *Appellant*.

*Neil M. Fox* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Michael Downes* and *Seth Aaron Fine, Deputies,* for respondent.

COLEMAN, C.J.—Marvin Lee Jenkins appeals from the judgment and sentence entered pursuant to his conviction in Snohomish County Superior Court for one count of second degree burglary. Jenkins challenges the admissibility and the sufficiency of the evidence used to support his conviction. We affirm.

On July 23, 1985, 12–year–old Chian Blue Rhodes saw two men leaving the apartment next door with a television and videocassette recorder. She watched them enter a car and drive away. The apartment from which Rhodes saw the men leaving belonged to Elizabieta Rodzinski who, upon her return that day, reported that a burglar had taken her television and videocassette recorder. Her doorknob had been twisted open with a pipe wrench or similar tool.

Rhodes testified at Jenkins' trial that the two men left the scene in a "short brown Trans–Am or something like that." She testified that she had pointed out to Detective Noll, who investigated the burglary, an automobile that looked like the one the men drove away in. She also testified that she had identified from a montage a photograph of one of the men she saw leaving the next–door apartment. She distinctly recognized two features in the photograph corresponding to one of the men from the burglary—a beard and a bump on his face. When asked to point out the man she saw taking things from next door, she pointed to a man who was in the courtroom, but who was not the defendant. Noll later testified that Rhodes had pointed out a 1978 brown Camaro to him as closely resembling the kind of car the burglars used to leave the scene. Noll testified that Rhodes selected a photograph of Jenkins from a montage of eight photos Noll showed her, and she told him that she recognized the photograph as being that of the burglar because of a bump under the eye. Rhodes told him that the person she saw leaving the apartment had a darker beard than that in the photograph.

Jenkins' trial ended in a mistrial after several jurors overheard a conversation between the prosecuting attorney and the person misidentified in the courtroom by Rhodes as being Jenkins. Because Rhodes was unavailable as a witness, her former testimony was admitted on retrial. Jenkins waived his right to a jury, and the court found Jenkins guilty as charged. Findings and conclusions were subsequently entered. This appeal timely ensued.

■ We first address appellant's argument that the trial court erred by letting Noll testify that Rhodes identified a Camaro as resembling the automobile in which the burglars left the scene and that Rhodes identified appellant as the perpetrator from a photograph in a montage he showed her. Appellant argues that these statements are inadmissible hearsay. The admissibility of evidence is largely within the discretion of the trial court, and a trial court's decision to

admit evidence will not be disturbed on appeal unless it was based on untenable or unreasonable grounds. *Davidson v. Metropolitan Seattle,* 43 Wn. App. 569, 572, 719 P.2d 569, *review denied,* 106 Wn.2d 1009 (1986). In a bench trial, there is even a more "liberal practice in the admission of evidence" on the theory that the court will disregard inadmissible matters. *State v. Miles,* 77 Wn.2d 593, 601, 464 P.2d 723 (1970). Moreover, even if a trial court's decision to admit certain evidence is in error, *i.e.,* an abuse of discretion, an appellant must still demonstrate that the error was prejudicial. *State v. Robtoy,* 98 Wn.2d 30, 44, 653 P.2d 284 (1982).

Appellant argues that Rhodes' statements to Detective Noll were hearsay, *i.e.,* out-of-court statements offered "to prove the truth of the matter asserted." ER 801(c). *See State v. Rupe,* 101 Wn.2d 664, 689, 683 P.2d 571 (1984). Hearsay is admissible only if it falls within one of the exceptions to the rule that it is generally inadmissible. ER 802. The trial court admitted both statements, however, under ER 801(d)(1)(iii), which provides in relevant part:

> **(d) Statements Which Are Not Hearsay.** A statement is not hearsay if—
> (1) *Prior Statements by Witness.* The declarant testifies at the trial or hearing and is subject to cross examination concerning the statement, and the statement is . . . one of identification of a person made after perceiving him[.]

Appellant argues that Noll's testimony about Rhodes' statements does not fall within this rule because Rhodes' identification of the car is not an "identification of a person" as required by the rule. Noll went to Rhodes' apartment 2 days after the burglary to interview her. While there, Rhodes told Noll that she had recently seen a car like that driven by the burglar. The two got into Noll's car and drove around until Rhodes spotted the car she identified. We find, however, that it is within the scope of a trial court's discretion to admit hearsay statements of identification of items. Case law has expanded the scope of ER

801(d)(1)(iii) to include such identifications.[1] As such, there was a tenable basis for the trial court's decision to admit the statement under the rule, and thus, the court did not abuse its discretion. *See State v. Johnson,* 12 Wn. App. 548, 551, 530 P.2d 662 (1975).

It is well established that a witness's statement of identification of a photograph falls squarely within ER 801(d)-(1)(iii). *United States v. Jarrad,* 754 F.2d 1451, 1456 (9th Cir. 1985); *United States v. Ingram,* 600 F.2d 260, 261 (10th Cir. 1979). Thus, Rhodes' statements regarding her identification of appellant's photograph in the montage are not inadmissible hearsay.

Appellant also argues that Noll's testimony regarding Rhodes' statements did not fall within ER 801(d)(1) because Rhodes was not "subject to cross examination concerning the statement . . ." at the same trial in which it was introduced via Noll's testimony. When Rhodes testified, she was asked on direct examination about her identification of the photograph and the brown Camaro.[2] Her

---

[1] "Rule 801(d)(1)(iii) refers only to statements identifying a person and does not mention statements in which the declarant identifies an object, place, or the like. A post–rule federal case, however, held that statements identifying certain places and buildings were 'analogous to' statements covered by Rule 801(d)(1)(iii) and were thus admissible." (Footnote omitted.) 5A K. Tegland, Wash. Prac. § 343, at 144 (2d ed. 1982) (quoting *United States v. Sampol,* 636 F.2d 621, 683 (D.C. Cir. 1980) (noting alternate basis for decision—that of defendant's failure to object at trial)). *Accord, State v. Bergen,* 13 Wn. App. 974, 975–76, 538 P.2d 533 (1975) (prerule case holding prosecution witness may testify as to hearsay statements victim made identifying certain articles of clothing as belonging to defendant).

The automobile Rhodes pointed out to Noll was a brown 1978 Chevrolet Camaro. Appellant's wife owns a brown 1977 Chevrolet Camaro. Thus, Rhodes' identification is highly probative circumstantial evidence on the issue of whether appellant was the person she saw leaving the next–door apartment.

[2] The trial court admitted this testimony, in transcript form, on retrial under ER 804(b)(1), which provides:

**(b) Hearsay Exceptions.** The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(1) *Former Testimony.* Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom

cross examination touched on the identification of the Camaro and did not involve the photographic identification. Noll's testimony at the first trial corresponded to that which he gave on retrial insofar as Rhodes' identification of the Camaro was concerned. He did not, however, testify as to her identification of the photograph in the montage during the first trial because the events causing the mistrial occurred before he had concluded his testimony.

■ For purposes of ER 801(d)(1)(iii), it does not matter that Rhodes' cross examination as to her out–of–court declarations occurred at the mistrial and not the subsequent retrial.[3] The obvious purpose of the rule is not to ensure that the declarant be present at the *same* hearing, but that the opponent have a full and fair opportunity to cross–examine the declarant as to the hearsay.

Rhodes was "subject to cross examination concerning the statement[s] . . .", ER 801(d)(1), she made to Detective Noll. It is true that at the time she took the stand, he had not yet testified. Nonetheless, the fact and substance of both statements were elicited by the prosecution during her direct testimony. It was during this direct testimony that she was unable to correctly identify the appellant in the courtroom. The defense had every opportunity to cross–examine her about these matters, but largely chose not to.

The "subject to cross examination" requirement of ER 801(d)(1) is satisfied if the declarant "is placed on the stand, under oath, and responds willingly to questions" concerning the statement. *United States v. Owens*, ___ U.S. ___, 98 L. Ed. 2d 951, 108 S. Ct. 838, 844 (1988). Clearly, if

---

the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

This is no challenge to the admission of that testimony in this case.

[3]It is of no consequence that Rhodes' out–of–court declarations were introduced by the mechanism of Noll's testimony. ER 801(d)(1)(iii) does not require that the statements be elicited from the declarant; they may be elicited from another person who heard or saw the identification. 5A K. Tegland, *supra* at 143. *Accord, United States v. Elemy*, 656 F.2d 507, 508 (9th Cir. 1981).

the declarant is placed on the stand and there is full and fair opportunity for cross examination regarding the statement, but no actual questions regarding the statement are asked, the requirement is nonetheless satisfied. *See Owens,* 108 S. Ct. at 842. Rhodes' testimony was admitted by transcript on retrial. It was not unreasonable for the trial court to admit Noll's testimony in the second trial as to Rhodes' hearsay when his testimony substantially conformed to and merely confirmed Rhodes' testimony.[4]

Appellant further argues that Noll's testimony as to Rhodes' identification statements violated appellant's constitutional right to confront his accuser under the sixth amendment to the United States Constitution and article 1, section 22 of the Washington Constitution. Appellant's argument is largely based on the fact that the identification statements are hearsay.

■ Appellant's argument relies heavily on *United States v. Owens,* 789 F.2d 750, 756 (9th Cir. 1986). In that case, a prison counselor was severely beaten about the head with a pipe. The Ninth Circuit held that it was a violation of the federal confrontation clause to admit the victim's hearsay identification of his attacker because his subsequent memory deficits precluded effective cross examination about his earlier statements. In effect, the defendant was unconstitutionally denied an opportunity to confront his accuser. The Supreme Court, however, reversed this

---

[4]In her trial testimony, Rhodes said she identified a photograph of the person she saw burglarizing the next–door apartment. Noll testified that Rhodes identified a photograph of appellant. Noll then testified, as had Rhodes, as to the differences Rhodes perceived between the photograph and the man she saw next door. In his reply brief, appellant claims that Rhodes did not testify in the first trial as to which photograph she identified. That is true. She only testified that she identified a photograph of the burglar. She then described attributes of the photograph that conformed to the person she saw next door—the beard and the bump under the eye. Thus, appellant's argument that it was unfair to allow Noll to testify as to *which* photograph Rhodes identified is not well taken. *State v. Wilson,* 38 Wn.2d 593, 618, 231 P.2d 288 (1951) (policeman allowed to explain which people lineup witness had identified and that they were the defendants in the case). The issue of her photographic identification was introduced in her direct examination, and this issue could have been explored on cross examination.

Ninth Circuit opinion. In *State v. Owens, supra,* 108 S. Ct. at 845, the Court held that all the confrontation clause requires is

> 'an *opportunity* for effective cross–examination, not cross–examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Kentucky v. Stincer,* __ U.S. __, __, 107 S.Ct. 2658, 2664, 96 L.Ed.2d 631 (1987), quoting from [*Delaware v.*] *Fensterer, supra,* 474 U.S. [15,] 22, 106 S.Ct. [292,] 296 [88 L. Ed. 2d 15 (1985)] (emphasis added); *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986); *Ohio v. Roberts,* 448 U.S. 56, 73, n. 12, 100 S.Ct. 2531, 2543, n. 12, 65 L.Ed.2d 597 (1980) . . . . It is sufficient that the defendant has the opportunity to bring out such matters as the witness's bias, his lack of care and attentiveness, his poor eyesight, and even (what is often a prime objective of cross–examination, see 3A J. Wigmore, Evidence § 995, pp. 931–932 (J. Chadbourn rev. 1970)) the very fact that he has a bad memory.

*Owens,* 108 S. Ct. at 842.[5]

In the instant case, appellant had a full "opportunity for effective cross examination" of Rhodes during the first trial. *Owens,* 108 S. Ct. at 842. Rhodes willingly answered questions, invoked no privileges, and was not restricted by court order in the scope of her examination or responses. Moreover, since both trials were before the same judge and the second trial was tried to the bench, her demeanor was observed by the finder of fact. When a declarant's statement is given at a preliminary hearing under circumstances closely approximating those at a later trial and the witness is unavailable to testify at the later trial, a transcript of the earlier testimony is admissible into evidence without the defendant's confrontation clause rights being violated.

---

[5]The Court noted that, technically, under Fed. R. Evid. 801(d)(1)(C), the out–of–court identification is not hearsay. However, because the statement would be hearsay under traditional rules, the constitutional confrontation issue requires it be treated as such. The Court went on to hold that there was also no need to examine the hearsay identification for indicia of reliability. *Owens,* 108 S. Ct. at 843.

*California v. Green,* 399 U.S. 149, 165, 26 L. Ed. 2d 489, 90 S. Ct. 1930 (1970). Similarly, appellant's confrontation clause rights, in this case, were not violated by the trial court's admission of Rhodes' out–of–court declaration to Noll since appellant's counsel had a full opportunity to cross–examine Rhodes on the statement. *Owens,* 108 S. Ct. at 845.

We next address whether the trial court erred in admitting evidence of appellant's prior burglary convictions.

■ Appellant argues that it was error for the trial court to admit evidence of two prior burglaries he had pleaded guilty to in 1978 and 1984. The court admitted the evidence under ER 404(b) which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

There must be more than simple resemblance between the prior crimes introduced to show that it was more likely the defendant committed the charged crime:

> "The device used must be so unusual and distinctive as to be like a signature." E. Cleary, *McCormick on Evidence* § 190, at 449 (2d ed. 1972).
>> A prior or subsequent crime or other incident is not admissible for this purpose merely because it is similar, but only if it bears such a high degree of similarity as to mark it as the handiwork of the accused.
> *United States v. Goodwin,* 492 F.2d 1141, 1154 (5th Cir. 1974).

*State v. Coe,* 101 Wn.2d 772, 777, 684 P.2d 668 (1984). Whether the prior offenses are similar enough to the charged crime to warrant admission is left to the discretion of the trial court. *State v. Bowman,* 36 Wn. App. 798, 808–09, 678 P.2d 1273, *review denied,* 101 Wn.2d 1015 (1984). Moreover, in a bench trial, the danger of prejudice is reduced because a trial judge, due to his or her experience and training, is in a better position than jurors to identify

and focus on the probative quality of evidence such as this and to disregard the prejudicial aspects of prior convictions testimony.

There was a tenable basis for the trial court finding sufficient similarity between appellant's prior convictions and the charged crime. While appellant correctly points out that pipe wrench burglaries, brown Camaros, and ground floor entries are not individually unique, we note that their appearance in three separate incidents all involving morning break–ins of multi–apartment complexes in South Snohomish County by two perpetrators, one of whom acts as a lookout, creates similarities that are far from coincidental. In fact, they form a reasonable basis for the trial court's belief that appellant committed the act charged. *State v. Smith*, 106 Wn.2d 772, 778, 725 P.2d 951 (1986) (characteristics of the crimes, when taken together, must create probability that the same person committed them to be admissible under ER 404(b)). Moreover, these striking similarities, the remarkable absence of dissimilarities between the crimes, and the fact this was a bench trial distinguish the instant case from those cited by appellant wherein "signature" evidence was ruled inadmissible. *See, e.g., Smith,* at 778; *State v. Anderson,* 42 Wn. App. 659, 665–66, 713 P.2d 145 (1986) (mere fact that defendants broke into same store on prior occasions does not establish signature without further evidence of unique modus operandi). For the above reasons, the court did not abuse its discretion in admitting evidence of appellant's prior convictions on the issue of identity.

Finally, we reject appellant's argument that if the evidence of prior convictions is excluded, the remaining evidence is insufficient to support appellant's convictions.[6] Because the court did not err by considering the evidence

---

[6]The trial court ruled that "[t]he court has reviewed all the evidence presented by both parties and is persuaded by the State's evidence. The court concludes, based on the eyewitness testimony alone, that the defendant is guilty beyond a reasonable doubt. When the ER 404(b) evidence of prior burglaries is considered the case against the defendant is overwhelming."

238

of appellant's prior convictions, we do not have to reach this issue. We note, however, that the remaining evidence was sufficient to support appellant's conviction.

Evidence is sufficient to support a criminal conviction if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781, 2789 (1979).

Rhodes' identification of appellant's photograph was not uncertain or equivocal. She pointed to specific characteristics in the photograph that led her to believe it was a photograph of the person she saw leaving the apartment. Rhodes' identification of the photograph was given corroboration by the similarity between appellant's wife's brown Camaro and the car in which she saw the burglars leave the scene. Her misidentification of appellant at trial does not automatically render her prior identification inaccurate.

Rhodes' identification of appellant and the vehicle were sufficient to support conviction.

The verdict of the trial court is affirmed.

SCHOLFIELD and GROSSE, JJ., concur.

Review denied at 112 Wn.2d 1016 (1989).