14 P.3d 877 (2000)
103 Wash.App. 836
WOLFKILL FEED AND FERTILIZER CORPORATION, a Washington corporation, Respondent,
v.
James MARTIN and Jane Doe Martin, husband and wife; CTM, Inc., a Washington corporation, Appellants.
No. 18937-6-III.
Court of Appeals of Washington, Division 3, Panel Three.
December 26, 2000.
Robert J. Reynolds, Yakima, for Appellants.
Nicholas L. Wallace, Schultheis & Tabler, Ephrata, for Respondent.
SWEENEY, J.
Mandatory arbitration rules prohibit any reference to the arbitration in any pleading, brief, or other written or oral statement to the court on trial de novo. MAR 7.2(b)(1). Wolfkill Feed and Fertilizer Corporation violated this rule when it discussed the factual substance of the case and that the claim was for $9,000 in its memorandum on de novo review. The question before us is whether the trial judge abused his discretion by refusing to recuse himself, seal the trial brief, and impose terms on Wolfkill. We conclude the trial judge did not abuse his discretion by refusing to step down because he was not apprised of the amount of the award and the rule does not require specific sanctions or recusal. We therefore affirm the judgment.

*878 FACTS
Wolfkill Feed and Fertilizer Corporation sued James and Wendy Martin and CTM, Inc. (Martin) seeking $9,000 for breach of contract. The case proceeded to mandatory arbitration and the arbitrator ruled in Wolfkill's favor. On de novo review, the Adams County Superior Court also ruled in Wolfkill's favor, awarding it a judgment for $15,355.61, including costs, attorney fees, and prejudgment interest. Martin appeals, contending the court erred in refusing to recuse itself or award terms to Martin after Wolfkill violated MAR 7.2(b)(1) by referring to the arbitration result in its trial brief.
MAR 7.2(b) provides:
(1) The trial de novo shall be conducted as though no arbitration proceeding had occurred. No reference shall be made to the arbitration award, in any pleading, brief, or other written or oral statement to the trial court or jury either before or during the trial, nor, in a jury trial, shall the jury be informed that there has been an arbitration proceeding.
In its trial memorandum on de novo review, Wolfkill briefly discussed the factual substance of the case, including that the dispute was over $9,000 that Wolfkill paid Martin to deliver hay that Martin failed to deliver. Wolfkill's brief then stated: "This matter is before the court for de novo review following a mandatory arbitration, Dennis Morgan presiding. Mr. Morgan ruled in favor of Wolfkill, and the Defendants appealed."
At the outset of the bench trial, counsel for Martin confirmed that the court had received and read Wolfkill's brief. Citing MAR 7.2(b)(1), counsel then requested that the judge (1) recuse himself, (2) seal the trial brief so any subsequent trier of fact would not be influenced by it, and (3) impose terms against Wolfkill.
In denying the motion, the court stated:
The reference in the trial briefI didn't really pay any attention to it. And I certainly will disregard anything that may have occurredI don't know what occurred other than the recitation in the trial brief, and I think it would be inappropriate for the court to recuse itself in this matter. I can certainly disregard anything that's inappropriate in the trial brief, and I think it is inappropriate. I'm not going to pay attention to it. I'll base my decision on the facts presented here.
Regardless of what Mr. Morgan might have thought, the court doesn't feel at all that the fact that Mr. Morgan might have done something in a mandatory arbitration that I feel honor bound in any manner to uphold hishis decision. And I don't know what his reasons were. All I know is what is indicated to be the fact in this trial brief. And I'm going to disregard it.
The court further noted that it had no intention of looking at the arbitrator's documents, which were still sealed in the file. The matter proceeded immediately to trial and the court ruled in Wolfkill's favor.
Martin contends on appeal that in light of the apparent purpose of MAR 7.2(b) to make certain the trier of fact is not influenced by the outcome of the arbitration proceeding, the judge erred in not recusing himself after reading Wolfkill's trial brief. Martin argues that recusal was the only way to ensure the court was not influenced by the arbitration award, and that it would be unfair to litigants and judges to require them to explore the actual influence of such prohibited disclosures. Martin concludes that the only practical means to enforce MAR 7.2(b)(1) is to require recusal of the judge and impose terms against Wolfkill. We disagree.
Recusal lies within the sound discretion of the trial judge, whose decision will not be disturbed absent a clear showing of abuse of that discretion. In re Marriage of Farr, 87 Wash.App. 177, 188, 940 P.2d 679 (1997). The court abuses its discretion only when its decision is manifestly unreasonable or is exercised on untenable grounds or for untenable reasons. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971).
Wolfkill's brief refers to the result of the arbitration in that it identifies itself as the winning party, but Wolfkill made no specific reference to the arbitrator's award. While *879 MAR 7.2(b)(1) clearly states that a jury shall not be informed that there was an arbitration proceeding, the rule does not state the same for the court.
MAR 7.1(a) (request for a trial de novo) is instructive. The rule includes a pro forma pleading that specifies the named aggrieved party requesting the trial de novo from the award filed on a particular date. The rule also states: "The request for a trial de novo shall not refer to the amount of the award...." Thus, MAR 7.1(a) contemplates that a trial judge reviewing the trial de novo pleadings will know the general result of the arbitration, but will not be informed of the award. Cf. Wilson v. Horsley, 137 Wash.2d 500, 506, 974 P.2d 316 (1999) (court may consider motion to amend pleadings in light of completed arbitration).
Here, the court learned the substance of the dispute, the identity of the winning party, and the name of the arbitrator, but was not apprised of the amount of the award. MAR 7.1 and MAR 7.2 are both silent regarding disclosure to the court of the arbitrator's name. In any event, the court assured it would review the merits anew without deference to the arbitrator's result. See Wilson, 137 Wash.2d at 506, 974 P.2d 316 (MAR 7.2(b) prohibits only reference to arbitration when considering merits and does not address consideration of procedural matters pending trial de novo). In these circumstances we find no abuse of discretion in the court's refusal to recuse itself or award terms.
Moreover, even though Wolfkill's brief technically violated MAR 7.2(b), the rule contains no reference to sanctions or recusal of the judge. Due process, the appearance of fairness, and Canon 3(D)(1) of the Code of Judicial Conduct require disqualification of a judge who is biased against a party or whose impartiality may be reasonably questioned. State v. Dominguez, 81 Wash.App. 325, 328, 914 P.2d 141 (1996). The trial court is presumed, though, to perform its functions regularly and properly without bias or prejudice. Kay Corp. v. Anderson, 72 Wash.2d 879, 885, 436 P.2d 459 (1967); Jones v. Halvorson-Berg, 69 Wash. App. 117, 127, 847 P.2d 945 (1993). A party claiming to the contrary must support the claim; prejudice is not presumed as it is when a party files an affidavit of prejudice under RCW 4.12.050. Dominguez, 81 Wash. App. at 328-29, 914 P.2d 141.
Here, the court gave assurances it would ignore any reference to the arbitration proceedings and that it would act impartially. Martin's claim of possible bias is purely speculative. Moreover, unlike in a jury trial, the court in a bench trial is presumed to base its decision solely on admissible evidence. Crosetto v. Crosetto, 65 Wash.2d 366, 368, 397 P.2d 418 (1964); State v. Jenkins, 53 Wash. App. 228, 231, 766 P.2d 499 (1989). Martin makes no showing that the court based its ultimate decision on anything but admissible evidence.
We find no abuse of discretion in the court's denial of the motion for recusal or other sanctions. Carroll, 79 Wash.2d at 26, 482 P.2d 775.
Affirmed.
BROWN, A.C.J., and SCHULTHEIS, J., concur.