# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

<table>
<tr><td>ALASKA USA FEDERAL CREDIT UNION,</td><td>)<br>)<br>)<br>)</td><td>No. 70313-7-I</td></tr>
<tr><td></td><td>)</td><td>DIVISION ONE</td></tr>
<tr><td>Respondent,</td><td>)<br>)</td><td></td></tr>
<tr><td>v.</td><td>)<br>)</td><td></td></tr>
<tr><td>DWIGHT M. HOLLAND,</td><td>)</td><td>UNPUBLISHED</td></tr>
<tr><td>Appellant.</td><td>)<br>)</td><td>FILED: January 13, 2014</td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

COX, J. — Alaska USA Federal Credit Union sued Dwight Holland for breach of contract after he defaulted on his car payments. Holland, acting pro se, appeals the trial court's order of summary judgment in favor of Alaska. Because Holland fails to show the existence of any genuine issue of fact precluding summary judgment, we affirm the trial court's order.

In May 2009, Holland purchased a 2006 Dodge Dakota truck from the Puyallup Auto Center. Holland entered into a retail installment contract with the dealership. The dealership assigned the contract to Alaska.

In January 2012, Holland sent a check for $6,100, just short of the principal balance on the loan, payable to Alaska. On the memo line, Holland wrote, "EFT only! For Discharge of Debt." On the back of the check, he wrote: "Not for Deposit[,] EFT only[,] For Discharge of Debt." Holland signed the back of the check "Without Recourse" as an "Authorized Representative." In a

subsequent letter to him, Alaska explained that it could not accept Holland's payment due to the "irregular negotiability requirements." Alaska did not deposit the check or apply it to the balance of Holland's loan.

In February 2012, Holland wrote to Alaska and took the position that because the annotated check had not been returned to him, the debt must be discharged according to the terms of the instrument. Holland did not make a payment in March. In April, he sent Alaska a check for $120.00. On the memo line of this check, he wrote, "Final Payment for Loan." Because Alaska did not agree that this amount represented the final payment, it did not deposit this check either. Having not received a payment since February, Alaska referred the matter to its attorney.

In April 2012, Alaska's counsel notified Holland by letter that his default on the loan entitled the credit union to accelerate the balance owed under the contract. Alaska demanded payment in full of the balance then due, $6,256.05, or surrender of the vehicle within 10 days. Holland responded, demanding proof of counsel's representation of Alaska and various forms of proof that he is an attorney. Holland also continued to claim that the unreturned "E.F.T. instrument" discharged the debt.

Holland did not comply with Alaska's demand for payment. After complying with the Fair Debt Collection Practices Act (FDCPA), U.S.C. § 1692 et seq., Alaska commenced this action for breach of contract.

2

Acting pro se, Holland answered the complaint. He claimed that his January 2012 annotated instrument satisfied the debt obligation. He raised various other affirmative defenses including failure to state a claim for relief, "standing" of Alaska's counsel, lack of consideration, contributory negligence, and estoppel. Holland also propounded discovery requests and moved to dismiss.

Alaska responded to Holland's discovery requests and motion to dismiss. In July 2012, Alaska moved for prejudgment replevin to take possession of the vehicle.

On July 13, the court heard Alaska's motion. The court determined that Alaska had established its right to take possession of the vehicle pending the disposition of the case. However, the court delayed for 5 days enforcement of its order awarding possession of the vehicle, providing that if Holland paid Alaska $6,100 before 5:00 p.m. on July 18, Alaska would present an order to vacate the replevin order. Holland paid Alaska the required amount, and Alaska presented an order vacating the replevin order.

After this payment was applied, Holland still had an unpaid balance of $246 for the vehicle, exclusive of other amounts due under the contract. Specifically, Holland was also liable for the attorney fees and costs incurred by Alaska in this action. As of August 2012, those costs and fees amounted to $2,208.

3

On August 9, 2012, Alaska sent a letter to Holland, offering to negotiate a discounted settlement to avoid further litigation, but stated that if Holland did not respond within 10 days, it would withdraw its offer and move for summary judgment. Holland did not respond to Alaska's offer to settle. Instead, he sent Alaska requests for production.

Holland also moved for an order seeking recusal of the judge who had previously ruled on the replevin motion. The court denied the motion.

Alaska moved for summary judgment. The day before the hearing on the motion, Holland filed a response. The court declined to consider this untimely response. After hearing oral argument, the court granted the motion and entered judgment against Holland for the unpaid balance for the purchase plus attorney fees and costs.

Holland appeals.

## ACCORD AND SATISFACTION

Holland argues that the trial court improperly granted summary judgment because Alaska accepted his January 2012 annotated instrument and thereby entered into an accord and satisfaction of the debt obligation. We disagree.

This court reviews summary judgment de novo.[1] A motion for summary judgment is properly granted if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material

---

[1] TracFone Wireless, Inc. v. Dep't of Revenue, 170 Wn.2d, 273, 280-81, 242 P.3d 810 (2010).

fact and the moving party is entitled to judgment as a matter of law.[2] We consider all facts and reasonable inferences in the light most favorable to the nonmoving party.[3]

Chapter 62A.3 RCW governs negotiable instruments. According to the definitions set forth in RCW 62A.3-104, Holland's annotated instrument was neither a check nor any other negotiable instrument. A check must be payable on demand.[4] A "negotiable instrument" is an "unconditional promise or order to pay a fixed amount of money," and must not "state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money."[5] Nor is an instrument negotiable if it "contains a conspicuous statement, however expressed, to the effect that the promise or order is not negotiable."[6] Because of the annotations "EFT Only," "Not for Deposit" and "For Discharge of Debt," Holland's instrument was not an unconditional promise to pay, nor payable on demand. It also contained additional instructions in addition to the payment of money. Alaska was within its rights not to deposit this check, and Holland does not assert otherwise.

---

[2] CR 56(c).

[3] Mason v. Kenyon Zero Storage, 71 Wn. App. 5, 8-9, 856 P.2d 410 (1993).

[4] RCW 62A.3-104(f).

[5] RCW 62A.3-104(a), (a)(3).

[6] RCW 62A.3-104(d).

5

A party asserting the defense of accord and satisfaction bears the burden to prove that (i) in good faith he tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument.[7] Holland argues that because Alaska did not return his January 2012 annotated check, it accepted his payment. Holland does not establish, much less allege, that the amount of the debt obligation was the subject of a bona fide dispute. And, as explained, Holland's annotated check was not a negotiable instrument and Alaska did not deposit it. Alaska's failure to return the annotated check to Holland, even if true, does not establish that Alaska obtained payment on the instrument. Accordingly, there was no accord and satisfaction.

## STANDING OF ALASKA'S COUNSEL

Holland argues that Alaska's attorney lacked standing "at the inception of the case" to pursue the claim for breach of contract. This argument does not create any genuine issue of material fact for summary judgment purposes.

It is undisputed that the plaintiff in this case is Alaska, not its counsel. Thus, it is irrelevant to assert that its counsel lacks standing.

Holland also maintains that counsel was acting as a debt collector under FDCPA and in doing so, violated provisions of the FDCPA. Because this

---

[7] RCW 62A.3-311(a).

6

argument was not raised below and Holland does not identify any specific violation in his opening brief, we decline to consider the argument.[8]

## BREACH OF CONTRACT

Holland contends that Alaska failed to establish a breach of contract because it was required and failed to provide the original installment contract and could not rely on a Xerox copy. He also maintains that Alaska failed to prove it was the lienholder. But nothing in CR 56 requires the submission of original documents.[9] And beyond his assertion that Alaska relied on an "unauthenticated" and "unverified" copy, Holland did not dispute the existence of the contract nor its specific terms. In addition, Alaska proved that it was the lienholder by means of the electronic vehicle title and the declaration of its enforcement officer.

Holland also claims Alaska's suit should have been dismissed on the ground that he was entitled, but did not receive, notice of default and acceleration of the maturity of the debt. To the contrary, Alaska's counsel's April 2012 letter to Holland prior to filing Alaska's complaint provided such notice. No authority supports Holland's position that this notice was insufficient.

---

[8] See RAP 9.12 (arguments not brought to the attention of the trial court at the time of summary judgment may not be considered); see also Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (appellate court need not consider issues raised for the first time in reply brief).

[9] See also ER 1003 (duplicate is admissible to the same extent as an original unless a genuine question is raised as to authenticity).

7

## RECUSAL

Finally, Holland challenges the trial court's denial of his motion for recusal. In his motion, Holland cited RCW 4.12.050. But an affidavit of prejudice under that statute must be filed "before the judge presiding has made any order or ruling involving discretion." Holland's motion and affidavit were untimely under RCW 4.12.050(1).

Holland also relied on the Code of Judical Conduct and alleged that during the hearing on Alaska's replevin motion, the judge exhibited bias against him, failed to seriously consider his arguments, and aligned herself with the plaintiff. Later, during the summary judgment hearing, Holland explained that he believed the judge was "prejudicial and biased" because she did not agree with his argument that the annotated check constituted an accord and satisfaction of the debt.

The record before this court does not remotely support his claims. In fact, although Alaska established its right to immediate possession of Holland's vehicle, on its own initiative, the trial court delayed enforcement of the order to provide Holland the opportunity to cure the deficiency and retain possession of the vehicle. Because Holland failed to substantiate his claims of bias, the trial court did not abuse its discretion when it denied his motion to recuse.[10]

---

[10] See Wolfkill Feed & Fertilizer Corp. v. Martin, 103 Wn. App. 836, 840, 14 P.3d 877 (2000) (whether to recuse is within the trial judge's sound discretion).

## ATTORNEY FEES ON APPEAL

Alaska requests attorney fees on appeal under the contract. A provision in a contract that allows attorney fees in an action to collect payment due under a contract includes reasonable fees for the trial court action as well as fees incurred on appeal.[11] Because Alaska prevails on appeal, it is entitled to reasonable appellate attorney fees, subject to compliance with RAP 18.1.

We affirm the summary judgment order and grant fees on appeal, subject to compliance with RAP 18.1.

_Cox, J._

WE CONCUR:

---

[11] Granite Equip. Leasing Corp. v. Hutton, 84 Wn.2d 320, 327, 525 P.2d 223 (1974).

9