[No. 13216-1-III.   Division Three.   April 18, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. GARY L. DOMINGUEZ, *Appellant*.

*Paul J. Wasson*, for appellant.

*John D. Knodell III, Prosecuting Attorney*, for respondent.

SCHULTHEIS, J. — Gary Dominguez appeals his convictions of residential burglary and third degree theft. His only contention on appeal is that he is entitled to a new trial because the judge's failure to disqualify himself violated the appearance of fairness doctrine. In previous criminal trials, the judge had once represented Mr. Dominguez as defense counsel and Mr. Dominguez claimed he had filed a complaint against the judge regarding that representation, and the judge had once prosecuted Mr. Dominguez. We affirm.

On January 3, 1993, Louise Schuh returned to her home near Moses Lake and discovered someone had broken into it. She called the police from the neighbors' house. Three police cars responded within minutes. As two officers checked the house, another found a single set of footprints in the snow leading from the back door diagonally across to a roadway. The tracks led the police directly to Mr. Dominguez. They matched his shoe print to the tracks in the snow and arrested him.

The police placed Mr. Dominguez in a patrol car while they completed their investigation, then moved him to a second patrol car for transport to jail. An officer's observation that Mr. Dominguez squirmed a lot while he was in the first car led to discovery of a chisel stuffed behind the back seat. It fit pry marks on the frame of the Schuhs' back door. A search of the back seat in the second patrol car yielded two pieces of Mrs. Schuh's jewelry.

Mr. Dominguez was charged the following day with residential burglary. On February 1, 1993, his appointed attorney filed an affidavit of prejudice on his behalf and moved for the removal of Judge Evan Sperline as presiding judge. Judge Sperline granted the motion. After a stay for determination of competency and a continuance, the case was set for jury trial on March 4.

On March 2, Mr. Dominguez moved for removal of Judge Ken Jorgensen as presiding judge. Acknowledging he had used the one affidavit of prejudice to which he had a statutory right, defense counsel raised issues of actual or apparent prejudice. Mr. Dominguez asserted Judge Jorgensen had (1) been his defense attorney years earlier, and in 1986 Mr. Dominguez had filed a civil suit (or possibly a disciplinary complaint) against him with regard to that representation; and (2) later prosecuted him in other criminal cases. The court denied the motion.

On March 4, just before trial, Mr. Dominguez renewed his motion for removal. Given an opportunity to explain why he believed the judge was prejudiced against him, Mr. Dominguez stated:

> He's been a prosecutor against me many times before. I think he's been my attorney one time before this, and that's why I had a lawsuit against him back in '86—filed in '86. He got the served paperwork. He knows he was served the paperwork. It's in the process. The last letter I got was about a year ago when I was at Walla Walla. He's still under investigation.
>
> . . . .
>
> My mom's got copies of the originals.

Judge Jorgensen recalled representing Mr. Dominguez, but not prosecuting him:

> My recollection is that I represented Mr. Dominguez many years ago as a defendant when I was doing criminal defense work. I don't know that I have ever prosecuted him, although the prosecutor's office has prosecuted him while I was deputy prosecutor. However, this particular action apparently was instituted since that time. I know nothing about this case.

The prosecutor then supplemented the record with information pulled from the files of his office:

> Our first [entry] is number 90-1-215-5 where Mr. Dominguez was charged with residential burglary. At that time he was —Let's see. He was found guilty, and you were the prosecutor at that time, Judge. We then prosecuted him for rape in the third degree, case number 91-1-267-2. He pled guilty, and I prosecuted at that point. In '92 he was charged with possession of stolen property in the second degree and forgery. Mr. Dominguez, pled guilty. I also prosecuted then. In this cause the crime didn't occur until January 3rd, 1993, and you had been on the bench well over a month at that point, and had no knowledge whatsoever of this.

The court again denied the motion. The information was then amended without objection to charge one count of residential burglary and one count of third degree theft, and trial commenced. The jury found Mr. Dominguez guilty of both offenses. On appeal, Mr. Dominguez challenges only the judge's refusal to disqualify himself, contending he violated the appearance of fairness doctrine.

RCW 4.12.050 permits a party to change judges once as a matter of right, upon timely motion and affidavit of prejudice, without substantiating the claim of prejudice. *State v. Dixon*, 74 Wn.2d 700, 702, 446 P.2d 329 (1968). After exercising the statutory right to peremptory removal of one judge, a party may not disqualify a second judge for prejudice by simply filing a second motion and affidavit under RCW 4.12.050. *Id.* at 702; *State ex rel. Sheehan v. Reynolds*, 111 Wash. 281, 190 P. 321 (1920).

Due process, the appearance of fairness doctrine and Canon 3(D)(1) of the Code of Judicial Conduct (CJC) also require a judge to disqualify himself if he is biased against a party or his impartiality may reasonably be questioned. *In re Murchison*, 349 U.S. 133, 136, 75 S. Ct. 623, 99 L. Ed. 942 (1955); *State v. Madry*, 8 Wn. App. 61, 68-70, 504 P.2d 1156 (1972). A party claiming bias or prejudice must, however, support the claim; prejudice is not presumed as

it is under RCW 4.12.050. Evidence of a judge's actual or potential bias is required before the appearance of fairness doctrine will be applied. *State v. Post*, 118 Wn.2d 596, 618-19 & n.9, 826 P.2d 172, *modified*, 837 P.2d 599 (1992); *State v. Carter*, 77 Wn. App. 8, 11-12, 888 P.2d 1230, *review denied*, 126 Wn.2d 1026 (1995); *State v. Bilal*, 77 Wn. App. 720, 722, 893 P.2d 674, *review denied*, 127 Wn.2d 1013 (1995).

Here, Mr. Dominguez did not produce any evidence of actual prejudice or bias against Judge Jorgensen. Considering whether there is evidence of potential bias, we conclude there is not. First, absent supporting documentation, Mr. Dominguez's bare oral assertion that he filed a lawsuit (or perhaps a disciplinary complaint) against the judge some seven years earlier (based apparently on some dissatisfaction with his representation as appointed defense counsel) does not meet *Post*'s evidentiary requirement.

■ Second, the mere fact that the judge earlier acted once for Mr. Dominguez and once against him, both times in his professional capacity as an attorney, does not establish potential bias. Generally, disqualification is required when a judge has participated as a lawyer in the case being adjudicated; however, unless there is a specific showing of bias, a judge is not disqualified merely because he or she worked as a lawyer for or against a party in a previous, unrelated case. *Mustafoski v. State*, 867 P.2d 824, 832 (Alaska Ct. App. 1994); *see Commonwealth v. Darush*, 279 Pa. Super. 140, 420 A.2d 1071, 1074 (1980), *vacated on other grounds*, 501 Pa. 15, 459 A.2d 727 (1983); *accord State v. Eastabrook*, 58 Wn. App. 805, 817, 795 P.2d 151, *review denied*, 115 Wn.2d 1031 (1990). This general rule is in accord with CJC Canon 3(D)(1).[1]

---

[1]CJC Canon 3(D)(1) provides in part:

"Judges should disqualify themselves in a proceeding in which their impartiality might reasonably be questioned, including but not limited to instances in which:

■ Had Mr. Dominguez presented sufficient evidence of potential bias for the appearance of fairness doctrine to apply, we would then consider whether it was violated. The test is whether a reasonably prudent and disinterested observer would conclude Mr. Dominguez obtained a fair, impartial, and neutral trial. *Bilal*, 77 Wn. App. at 722; *State v. Brenner*, 53 Wn. App. 367, 374, 768 P.2d 509, *review denied*, 112 Wn.2d 1020 (1989). He did. Review of the trial transcript establishes the trial was conducted in a fair and evenhanded manner, and a jury returned the guilty verdict. Indeed, Mr. Dominguez, though he disagrees with the trial court's ruling, does not claim otherwise.

Affirmed.

SWEENEY, C.J., and MUNSON, J., concur.

"(a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

"(b) the judge previously served as a lawyer . . . in the matter in controversy . . .;"