# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  47366-6-II |
| Respondent, | |
| v. | |
| ANDREA MATALA ADLER, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — Andrea Matala Adler appeals the trial court's denial of her motion for a new trial following her bench trial conviction for forgery.  She argues that (1) the trial court judge erred in denying her motion for a new trial based on an alleged violation of the appearance of fairness doctrine and (2) she received ineffective assistance of counsel because defense counsel failed to timely investigate the trial court judge's prior contact with Adler.  We hold that the trial court did not abuse its discretion when it denied Adler's motion for new trial and that Adler fails to establish that defense counsel's failure to investigate was prejudicial.  We affirm.

FACTS

I. BACKGROUND

Adler and Trevor Adler were legally separated for several years before their dissolution became final.  In October 2012, Adler was in an automobile accident.  The vehicle she was driving was still community property.

In May 2013, Adler received a $1,836.58 insurance check related to the October 2012 accident. The check was made out to both Adler and Trevor.[1] Adler's credit union told her that both parties would have to endorse the check. Nevertheless, Adler endorsed the check with both her and Trevor's names and took it to her credit union. At the credit union, she received some cash and deposited the remaining amount into her individual account. Trevor notified the credit union that he had not endorsed the check, and the credit union was unable to process the check because it was not properly endorsed.[2] The State subsequently charged Adler with forgery.

## II. PROCEDURE

## A. BENCH TRIAL

On May 1, 2014, Adler waived her right to a jury trial. Judge Gary Bashor and Commissioner Dennis Maher recused themselves from this case because they had presided over portions of the Adlers' dissolution case.

The case went to a bench trial before Judge Michael Evans. At trial, the State presented evidence that (1) Adler had signed Trevor's name on the insurance check after he had refused to do so, (2) Adler had, against Trevor's express wishes, spent the proceeds of the insurance check on things other than repairing the vehicle, and (3) the credit union was unable to recover the money from Adler's account.

---

[1] Because Andrea Adler and Trevor Adler share the same last name, we refer to Trevor by his first name to avoid confusion. We intend no disrespect.

[2] Judge Evans issued written findings of fact and conclusions of law. Adler does not challenge any of these findings of fact or conclusions of law. Accordingly, they are verities on appeal. *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

Adler presented evidence that in June 2013, she had paid approximately $1,900 to $2,000 in cash to repair the vehicle, although she admitted that these repairs did not include a bumper or other cosmetic repairs. Adler admitted to having signed Trevor's name on the insurance check, but she asserted that she did so only after he had initially agreed to sign the check and then he had become unavailable to sign it himself. She also admitted that she had spent some of the money from the insurance check on items not related to the repairs and that she had to borrow money from her mother to pay for part of the vehicle repairs.

Judge Evans found Adler guilty of forgery. Judge Evans's focus was on whether Adler had intent to injure or defraud, and he found that she acted with intent to injure or defraud the marital community and the credit union.

### B. MOTION FOR NEW TRIAL

A week after Judge Evans's oral ruling, Adler moved for a new trial, arguing that Judge Evans should have been recused from the case because he had heard and denied Adler's pro se motion to reopen a guardian ad litem (GAL) investigation during the dissolution proceedings. She asserted that the judge's failure to recuse violated the appearance of fairness doctrine because the judge was sitting as the fact finder in this case.

Defense counsel asserted that Adler had informed him of the judge's participation in the dissolution proceedings while they were awaiting the verdict in this matter. Defense counsel then reviewed a video recording of the relevant dissolution proceeding. He stated that during this proceeding, Trevor's attorney had alleged that Adler "was gaming the system by delaying the trial date, and was non-cooperative with discovery allegations." Clerk's Papers (CP) at 16. Defense

counsel further noted that "Judge Evans specifically noted that in her interaction with the GAL, Ms. Adler had engaged in 'purposeful foot dragging.'" CP at 16.

Defense counsel also stated that he had not previously checked for possible recusals related to the dissolution proceedings because Judge Stephen Warning had "examined the court file and informed the parties that neither Commissioner Maher nor Judge Gary Bashor could hear the criminal case because of having heard a motion to show cause and the trial in the divorce case, respectively." CP at 16. Thus, defense counsel assumed that Judge Warning had also screened for Judge Evans's involvement in the dissolution proceedings. The State responded that Adler would not be entitled to any relief unless she established actual and substantial prejudice, rather than the mere appearance of prejudice.

Judge Evans commented that he did not recall the dissolution proceedings, noting that he had heard some 700 cases since that time. The judge also commented that although Adler was in the best position to know if he had been involved in the dissolution proceedings, she did not bring it to anyone's attention until much later. The judge then denied the motion for new trial, concluding that he had no personal interest in the case and no recollection of the dissolution proceeding in which he had participated.

Adler appeals the denial of her motion for new trial.

## ANALYSIS

### I. MOTION FOR NEW TRIAL

Adler first argues that Judge Evans erred when he denied her motion for a new trial based on her allegation that Judge Evans had violated the appearance of fairness doctrine. This argument fails.

"We review a trial court's denial of a motion for new trial for manifest abuse of discretion." *State v. Thach*, 126 Wn. App. 297, 318, 106 P.3d 782 (2005). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *State v. Cardenas*, 146 Wn.2d 400, 412, 47 P.3d 127, 57 P.3d 1156 (2002).

Criminal defendants have a due process right to a fair trial by an impartial judge. WASH. CONST. art. I, § 22; U.S. CONST. amends. VI, XIV. Impartial means the absence of actual or apparent bias. *State v. Moreno*, 147 Wn.2d 500, 507, 58 P.3d 265 (2002). "'The law goes farther than requiring an impartial judge; it also requires that the judge appear to be impartial.'"[3] *State v. Post*, 118 Wn.2d 596, 618, 826 P.2d 172, 837 P.2d 599 (1992) (quoting *State v. Madry*, 8 Wn. App. 61, 70, 504 P.2d 1156 (1972)).

The test for determining "whether a judge should disqualify himself where his impartiality might reasonably be questioned is an objective one." *State v. Leon*, 133 Wn. App. 810, 812, 138 P.3d 159 (2006). A court must determine "whether a reasonably prudent and disinterested observer would conclude [the defendant] obtained a fair, impartial, and neutral trial." *State v. Dominguez*, 81 Wn. App. 325, 330, 914 P.2d 141 (1996). But "[w]ithout evidence of actual or potential bias, an appearance of fairness claim cannot succeed and is without merit." *Post*, 118 Wn.2d at 619. Further, a defendant who has reason to believe that a judge should be disqualified

---

[3] CJC Canon 3.1(C) and the appearance of fairness doctrine require a judge to disqualify himself from a proceeding if the judge is biased against a party or the judge's impartiality may reasonably be questioned. *State v. Gentry*, 183 Wn.2d 749, 762-63, 356 P.3d 714 (2015); *State v. Dominguez*, 81 Wn. App. 325, 328, 914 P.2d 141 (1996). CJC Canon 3.1(C) states that judges shall not "participate in activities that would undermine the judge's independence, integrity, or impartiality." The appearance of fairness doctrine is "directed at the evil of a biased or potentially interested judge or quasi-judicial decisionmaker." *State v. Post*, 118 Wn.2d 596, 618-19, 826 P.2d 172, 837 P.2d 599 (1992).

must act promptly to request recusal and "cannot wait until [s]he has received an adverse ruling and then move for disqualification." *State v. Carlson*, 66 Wn. App. 909, 917, 833 P.2d 463 (1992); *see also In re Pers. Restraint of Swenson*, 158 Wn. App. 812, 818, 244 P.3d 959 (2010).

Here, Adler waited until after Judge Evans pronounced her guilty of forgery before she raised the issue about whether Judge Evans should have recused. In addition, the record supports the conclusion that a reasonably prudent and disinterested observer would conclude that Adler obtained a fair, impartial, and neutral trial. Judge Evans entered findings of fact following the bench trial. Nothing in the court's findings suggest actual or potential bias. Further, Adler does not challenge Judge Evans's assertions that he did not recall the dissolution proceedings and had no personal interest in the case, and nothing Judge Evans said during the trial suggested that he recalled his prior interaction with Adler or that he had any particular bias or prejudice that would have negatively impacted Adler. Accordingly, we hold that Judge Evans did not abuse his discretion when he denied Adler's motion for a new trial.

## II. Ineffective Assistance of Counsel

Adler next argues that she received ineffective assistance of counsel because defense counsel failed to timely investigate whether Judge Evans had participated in the divorce proceedings. She asserts that had defense counsel properly investigated, she could have filed a timely affidavit of prejudice and Judge Evans would not have sat on this case. This argument also fails.

To establish ineffective assistance of trial counsel, Adler must show that (1) trial counsel's performance was deficient and (2) this deficiency was prejudicial. *State v. A.N.J.*, 168 Wn.2d 91, 109, 225 P.3d 956 (2010). Even presuming that defense counsel should have looked into whether

No. 47366-6-II

Judge Evans was involved in Adler's dissolution proceedings, Adler fails to establish the necessary prejudice.

If Adler had filed a timely affidavit of prejudice with adequate support, Judge Evans would not have been able to sit on the case. *See* RCW 4.12.040(1), .050(1). But the mere fact that Judge Evans heard the case does not by itself establish prejudice. As noted above, nothing occurred during the trial that suggested any prejudice or bias, and Judge Evans had no recollection of the dissolution proceeding in which he had participated. Because Adler fails to show prejudice, her ineffective assistance of counsel claim has no merit.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, C.J.
JOHANSON, C.J.

We concur:

Maxa, J.
MAXA, J.

Melnick, J.
MELNICK, J.

7