IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 35143-2-III |
| WADE AUSTIN MILLER, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JENAE PAPE MILLER, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Jenae Pape appeals from numerous rulings of the trial court

attendant to the court's grant of an order of legal separation between Pape and her spouse,

Wade Miller. Because Pape fails to cite to the record when outlining facts in her brief,

because Pape fails to cite to legal authority in her brief's argument, and because, to the

extent we can review the record, the trial court did not abuse its discretion, we affirm all

rulings.

FACTS

On October 25, 1992, Wade Miller (Miller) and Jenae Pape (Pape) wed one

another. The Chelan couple begat and raised two boys, Ty and Chad. Miller and Pape

owned and managed Blue Water Enterprises, Inc. (Blue Water), doing business as two

separate companies, All Seasons Storage and Rental and Miller Auto Sales. Wade's parents, Leo and Polly Miller, formed Blue Water on January 30, 1990.

On November 1, 2014, Wade Miller and Jenae Pape separated. Pape claimed she needed family leave and moved into a separate Chelan rental house.

As of November 1, 2014, Leo and Polly Miller together owned eight shares, or a ten percent interest, of Blue Water stock. Wade Miller then held sixteen shares, or a twenty percent interest, of the corporation as his separate property interest. The marital community of Miller and Pape owned the remaining fifty-six shares representing a seventy percent ownership. A professional, hired by Miller, valued Blue Water at $1,332,000.

After the couple's separation, Jenae Pape settled her father's estate. Pape inherited $400,000 in cash, another $781,771 payable at $4,200 a month, a residential building lot in Lake Havasu, Arizona, and an airport hangar in Lake Havasu City, Arizona. Pape purchased a Wenatchee home, which she gifted to her sons Ty and Chad. The boys have since sold the house and placed the proceeds into a bank account.

PROCEDURE

On January 8, 2015, Wade Miller filed for legal separation. Miller and Jenae Pape's two children were no longer dependent. The husband and wife agreed to evenly divide all community property. Pape, however, did not agree with Miller's valuation of community property, but she failed to present any evidence to counter her husband's

2

business valuations, appraisals, and amount of corporate stock. During the pendency of the proceeding before the trial court, Pape filed more than ten pretrial motions, which included three motions to change venue.

Jenae Pape sent interrogatories to Wade Miller to answer. During a hearing on another motion, Pape asked the trial court to compel Miller to answer the interrogatories. Despite the request, Pape acknowledged she received answers to interrogatories a year and one half earlier. The court denied the motion for many reasons. The trial court remarked:

> THE COURT: All right. Pursuant to CR 26(i), which reads as follows, "The Court will not entertain any motion or objection with respect to Rules 26 through 37, unless Counsel have conferred with respect to the motion or objection." The Court does not have before it a motion to compel, nor does it have before it a certification that, in fact, 26(i) has been complied with. Consequently, the Respondent's motion to compel, well, oral motion this morning to compel is denied.

Report of Proceedings (RP) at 47.

On the day before the scheduled trial, Jenae Pape moved again to change venue and moved to cancel the trial date. After reviewing pleadings and entertaining arguments, the trial court denied the motion. The court commented:

> THE COURT: The Court's going to treat the documents that you've put forward this morning and your oral argument as a motion for a continuance of this upcoming trial. There was a letter sent out to the parties November 4th 2016 regarding the notice of the trial date setting the case for trial for five days, January 23rd through the 27th. There was also a settlement conference, which was scheduled in front of Judge Small, on January 4th, which the Court believes that both sides did participate in.

Ms. Pape-Miller puts forward today that she's had a District Court trial on January 3rd 2017 regarding a criminal matter that she's assisting her attorney in appealing. She's also had a hearing in this case on a previous motion for change of venue on January 10th 2017. She now puts forward that she wants to have a continuance because she believes that based upon her surgery on December 23rd that she needs more time to get her activities and life back in order, pursuant to this note from Dr. Witt. However, as pointed out by the Respondent, what that means is unclear to the Court, and it would appear that based upon the actions since the surgery on December 23rd that Ms. Pape-Miller's health has been sufficient to litigate her criminal District Court matter, participate in a settlement conference, come to Court and file pleadings and present oral argument regarding her motion for change of venue to Okanogan County, and consequently the Court's going to deny her motion asking for a continuance based upon being -- her health being such that she should not be required to participate in the trial and that, again, her subsequent activities would indicate that her health is such that she can participate—

MS. PAPE-MILLER: So being homeless is not—

THE COURT: Just a minute. So, as pointed out by the Petitioner, there is a great deal of preparation that goes into getting a matter ready to go to trial, and the Court believes that that should not go to waste.

RP at 12-14.

During trial, pro se Jenae Pape called three witnesses to testify regarding asset valuation. Pape's accountant, Amedee Sanchez, testified regarding Miller and Pape's retirement account. Contrary to Pape's expectations, a second witness, Matt Froman, an equipment vendor, denied any recollection of advising Miller that All Seasons Storage and Rental alone was worth $4,300,000. Pape questioned her friend, April Roberts, regarding Pape's work for the family's rental business. Pape also cross-examined Miller's father, Leo Miller regarding a trust Pape claimed Leo established in favor of his son. Leo Miller denied he ever created such a trust.

4

Trial evidence showed that Jenae Pape attempted to conceal some of her assets from Wade Miller. Following the couple's separation, Pape acquired a condominium in Lake Chelan and a beach cabin in Moclips. Pape objected, on the ground of confidentiality, to the admission of exhibits that confirmed her purchase of the homes. During the trial, the following exchange occurred between Pape and opposing counsel:

> Q: Okay. As I recollect, you transferred $400,000.00 in early 2016—I'm sorry, in May of 2016 to Chase in order to buy the condominium in, in Chelan, am I correct?
> A: Even though it's illegal for you to know this information, yes, I did.
> Q: Yes. And when you got done with that purchase, there was approximately $242,000.00 in that account, and are you saying now that that's no longer there?
> A: I don't have any money with Chase bank, no.
> Q: Okay. Did you take and switch that to another bank?
> A: Yeah.
> Q: Okay.
> A: Which is none of your business, either.
> Q: All right. And with regards to the Wheatland Bank, you bought the Moclips property from the 474,000.00 (inaudible – away from mic) had left in Wheatland Bank, am I correct?
> A: I don't, I don't recall how much was in any bank account because I don't have the records on me.

RP at 86.

At the conclusion of trial, the trial court awarded each party his or her separate property. The court valued Wade Miller's separate property at $333,750, and Jenae Pape's separate property at $1,189,593. The trial court valued the community property interest of the corporation, Blue Water, to be a gross value of $1,443,000 and a net value

of $1,122,333. The trial court awarded Wade Miller the parties' entire interest in Blue Water and granted Pape an equalizing money judgment against Miller of $387,997.50.

The trial court refused to consider a dog gifted by Jenae Pape to one of her sons as either community or separate property. The court denied Pape spousal support because she failed to demonstrate a need for it.

LAW AND ANALYSIS

On appeal, Jenae Pape assigns error to the trial court's denial of her multiple motions for change of venue, denial of her motion to compel responses to interrogatories, the court's refusal to recuse itself due to a conflict of interest, denial of Pape's request for anti-harassment orders, failure to uphold the laws of the State of Washington, refusal to keep Pape safe, refusal to explain why Pape alienated her children, and the court's inequitable division of the parties' property,

We are unable to ably address Jenae Pape's assignments of error for several reasons. First, despite a ten page introduction that purports to outline facts and a twelve page statement of case in her opening brief, Pape provides the court no citations to the trial court record such that this court cannot confirm whether she accurately recites the facts. RAP 10.3(a)(5) demands that a party refer to the record for each factual statement in her brief. Second, Pape inserts in her opening brief a one page argument that contains no citation to legal authority to support her legal contentions. RAP 10.3(a)(6) mandates that a party insert, in her brief, an argument in support of the issues presented for review,

together with citations to legal authority and references to relevant parts of the record.

Because of Jenae Pape's violation of court rules, we need not further address her appeal. Nevertheless, to the extent possible, we review some of her assignments of error.

Jenae Pape assigns error to the presiding judge, Alicia Nakata, for refusal to recuse herself from the marital separation proceeding. Nevertheless, Pape fails to cite the trial court record to establish that she sought recusal below. She fails to cite the trial court record to confirm that her factual arguments hold truth regarding the purported grounds for recusal.

Jenae Pape contends that Judge Alicia Nakata is a former prosecutor. Pape then alleges the trial court's bias emanates from Judge Nakata's former relationship as a prosecutor with police officers related to Wade Miller's girlfriend. Assuming all of these allegations to be true, Pape still fails to establish any partiality in Judge Nakata.

We have reviewed portions of the trial court record. The record shows that Judge Nakata functioned objectively and imposed a fair process. Judge Nakata expended patience in accommodating pro se Pape, despite Pape threatening to sue her. In his response, Wade Miller highlights an occurrence during trial when the trial court assisted Pape in admitting an exhibit into evidence over Miller's objection.

A judge shall disqualify herself in any proceeding in which the judge's impartiality might reasonably be questioned. CJC 2.11. Generally, disqualification is required when a judge has participated as a lawyer in the case being adjudicated.

Nevertheless, unless a party shows bias, a judge is not disqualified merely because he or she worked as a lawyer for or against a party in a previous, unrelated case. *State v. Dominguez*, 81 Wn. App. 325, 329, 914 P.2d 141 (1996). Here Judge Nakata never even represented one of the parties. Recusal decisions are reviewed for an abuse of discretion. *Wolfkill Feed & Fertilizer Corp. v. Martin*, 103 Wn. App. 836, 840, 14 P.3d 877 (2000).

Jenae Pape also appeals the trial court's division of the couple's property. This court reviews the division of property for an abuse of discretion. *In re Marriage of Muhammad*, 153 Wn.2d 795, 803, 108 P.3d 779 (2005). The trial court has broad discretion, which we will reverse only if exercised on untenable grounds or for untenable reasons. *In re Marriage of Rockwell*, 141 Wn. App. 235, 242-43, 170 P.3d 572 (2007). This court recognizes that the trial court sits in the best position to assess the assets and liabilities of the parties and to determine what constitutes an equitable outcome. *In re Marriage of Brewer*, 137 Wn.2d 756, 769, 976 P.2d 102 (1999). If, however, the decree results in a patent disparity in the parties' economic circumstances, a manifest abuse of discretion has occurred. *In re Marriage of Rockwell*, 141 Wn. App. at 243.

Under statute, the trial court should divide the marital couple's property "as shall appear just and equitable." RCW 26.09.080. This statute requires the trial court to consider "all relevant factors including, but not limited to: (1) the nature and extent of the community property; (2) the nature and extent of the separate property; (3) the duration of the marriage . . .; and (4) the economic circumstances of each spouse at the time

8

division of the property is to become effective." RCW 26.09.080.

Jenae Pape's challenge to the trial court's division of property bounces between unrelated thoughts and includes baseless assertions. We note that the trial court distributed Pape more than $1,000,000 in separate property and that Pape received more property than Wade Miller. We conclude the trial court did not abuse its discretion.

Jenae Pape assigns error to the trial court's entering exhibits that showed she purchased a Chelan condominium and a beach cabin in Moclips. This assignment of error serves no purpose. The court ruled that Pape owned the cabin and condominium as her separate property because she purchased each with her inheritance after the couple separated.

Jenae Pape believes Leo Miller concealed funds into a trust account for Wade Miller's benefit. Leo Miller testified to the contrary. The trial court entered no finding of fact regarding a trust account. The absence of a specific finding as to a material fact functions as a finding against the party who has the burden of proof, here Pape. *Pacesetter Real Estate, Inc. v. Fasules*, 53 Wn. App. 463, 475, 767 P.2d 961 (1989). The trial court held discretion to determine who told the truth regarding the existence or nonexistence of a trust benefitting Miller. In our review, we neither weigh the evidence nor judge the credibility of the witnesses. *In re Marriage of Greene*, 97 Wn. App. 708, 714, 986 P.2d 144 (1999).

Jenae Pape asks if the trial court erred in granting her dog, Lucy, to Wade Miller.

9

The record, however, shows that the trial court did not award the dog to either litigant because the testimony showed the dog to belong to the couple's son, Chad.

Jenae Pape confusingly complains that the trial court awarded a Chelan home to either she or Wade Miller. Nevertheless, Pape testified she gifted the home to her sons, the sons sold the home, and the two boys split the proceeds. The trial court ruled the home's proceeds were neither community nor separate property.

Wade Miller requests attorney fees on appeal on more than one basis. First, Miller, pursuant to RAP 18.9(a), requests fees because of a frivolous appeal. Second, Wade requests attorney fees due to Pape's intransigence. *MacKenzie v. Barthol*, 142 Wn. App. 235, 242, 173 P.3d 980 (2007). Third, Miller requests attorney fees because Pape used court proceedings for an improper purpose. Miller claims that Pape holds familiarity with the legal process since she was a paralegal before marriage and that Pape flouted court rules in an attempt to plant wild and salacious rumors.

We agree with Wade Miller that Jenae Pape forwarded a frivolous appeal, particularly in light of her failure to cite to the trial court record and to legal authority in her brief's argument. We grant Miller reasonable attorney fees and costs incurred on appeal.

Wade Miller also seeks sanctions against Jenae Pape, pursuant to RAP 10.7, because Pape failed to include accurate record citations. *Hurlbert v. Gordon*, 64 Wn. App. 386, 399, 824 P.2d 1238 (1992). Actually, Pape provided no record citations rather

than misciting the record. We decline sanctions anyway since we grant Miller reasonable attorney fees and costs on other grounds.

## CONCLUSION

We affirm all rulings of the trial court. We grant Wade Miller reasonable attorney fees and costs on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____          _____
Korsmo, J.                                Pennell, A.C.J.

11