IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STEVEN HEEB, | ) | |
| | ) | No. 39491-3-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KAY SIKES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

COONEY, J. — Steven Heeb filed a complaint against Kay Sikes for distribution of property and debts accrued during their relationship. The parties ultimately executed a Civil Rule (CR) 2A settlement agreement. During the litigation, Ms. Sikes obtained temporary restraining orders against Mr. Heeb. Sanctions were also entered against Mr. Heeb for his untimely setting of a motion and his failure to appear at multiple depositions. Mr. Heeb appeals, arguing that the judges and commissioner were biased against him, that his attorney violated multiple Rules of Professional Conduct (RPC), that he was deprived of a fair trial, and that the settlement agreement was not valid.

We disagree and affirm.

## BACKGROUND

Mr. Heeb and Ms. Sikes were in a committed intimate relationship from May 2010 until June 2018. In 2019, with the assistance of Attorney Justin Collier, Mr. Heeb filed a

complaint "Seeking Determination and Distribution of Property in a Committed Intimate Relationship." Clerk's Papers (CP) at 4 (boldface and some capitalization omitted). Mr. Heeb requested the court "determine the properties of the parties subject to distribution," the "indebtedness of the parties subject to allocation," and that the court "decree a fair and equitable distribution" of the assets and debts. *Id*. at 4-5.

Ms. Sikes, also represented by counsel, answered the complaint and filed a motion for an order for protection against Mr. Heeb. Her motion was accompanied by multiple declarations that alleged Mr. Heeb was stalking Ms. Sikes and that she was fearful of him. Following a hearing on the motion, Commissioner Tracy S. Brandt issued a temporary restraining order that required Mr. Heeb to stay away from Ms. Sikes. Later, Commissioner Brandt denied a motion brought by Mr. Heeb to dismiss the restraining order.

In September 2020, a settlement conference was held before Judge Leslie A. Allan and a CR 2A agreement was signed by the parties. The court noted that the parties had "been working from a property matrix" and "[e]ach party and their attorney . . . had the opportunity to review [it] and have all four initialed at the bottom of each page indicating their agreement as to how the various items would be distributed." Rep. of Proc. (RP) at 34-35. Among other obligations, Ms. Sikes was to arrange for the acquirement of a "black 2011 Mustang within thirty days." *Id*. at 37. At the end of the settlement

conference, the only issue remaining was a 1955 Ford Thunderbird that Mr. Heeb and Ms. Sikes each alleged was in the other's possession.

The court reiterated the agreed upon property distribution on the record. The court asked Ms. Sikes, "If the Thunderbird is located so that you can retrieve it, is this the settlement that you've reached?" *Id*. at 40. Ms. Sikes responded, "Yes, Your Honor." *Id*. The court asked Mr. Heeb, "contingent upon the location of the Thunderbird, as a contingent for the other side, is this the agreement that you've reached today?" *Id*. at 41. Mr. Heeb responded in the affirmative.

Thereafter, Ms. Sikes scheduled a deposition of Mr. Heeb to ascertain the location of the Thunderbird. Mr. Heeb did not appear for this deposition, nor two other depositions that were subsequently scheduled. Consequently, Ms. Sikes brought a motion for sanctions under CR 37(d) against Mr. Heeb. At the hearing on the motion, held before Judge Travis C. Brandt, Mr. Heeb's attorney, Mr. Collier, appeared and stated, "I don't know why my client, frankly, wouldn't appear at a des—deposition. He sent a cryptic email to me about how he wasn't served and he knew the law and didn't have to appear." *Id.* 46. Mr. Collier also stated that he worried, "frankly, about [Mr. Heeb's] competency, if he really understands the process." *Id*. Mr. Collier conceded that the court "realistically can impose attorney fees" against Mr. Heeb. *Id*. Judge Brandt awarded Ms. Sikes sanctions against Mr. Heeb for his failure to appear at the depositions. After the hearing, Mr. Collier withdrew as Mr. Heeb's counsel.

Mr. Heeb then brought a pro se motion "For Sanctions be Stricken or Transferred to Justin Collier." CP at 105 (boldface and some capitalization omitted). In support of his motion, Mr. Heeb filed a declaration and attached e-mail communications between himself and Mr. Collier. The e-mails demonstrated that Mr. Collier notified Mr. Heeb of the scheduled depositions at least a few days before each deposition. In response to Mr. Heeb's motion, Ms. Sikes filed another motion for CR 37(d) sanctions for having to respond. A hearing was held and the court reserved ruling on further sanctions.

Later, Mr. Heeb acquired new counsel, Paul Beattie. At a hearing on June 25, the court revisited Ms. Sikes's request and awarded her another $1,500 in sanctions against Mr. Heeb for his failure to attend another deposition and for Ms. Sikes having to respond to his untimely motion to have sanctions against him stricken or transferred to Mr. Collier.

Mr. Heeb continued to claim he no longer had the Thunderbird and provided the value range of the Thunderbird from the Hagerty valuation tool. The Hagerty valuation tool assessed the vehicle's value between $18,700 and $41,500. Mr. Heeb also provided a declaration from Marco Pena who claimed the Thunderbird was in poor condition and was only worth $5,000 to $10,000. Ms. Sikes disagreed with Mr. Heeb's valuation, arguing that the Thunderbird was worth between $43,000 and $65,000. The court determined the value of the Thunderbird was $22,000, and awarded Ms. Sikes a judgment in that amount. There was also contestation related to the Mustang. At Mr. Heeb's

request, issues related to the Mustang and a new request from Ms. Sikes for a permanent

restraining order were continued. At a later hearing, the court granted a judgment in

favor of Ms. Sikes and against Mr. Heeb in the amount of $9,000 for the Mustang and

entered a restraining order for 12 months.

Mr. Heeb appeals.[1]

## ANALYSIS

On appeal, Mr. Heeb's arguments are generally unclear. He seems to contend that

the commissioner and judges were biased against him, that his attorney violated several

RPCs, that his right to a fair and impartial trial was violated, and the settlement

agreement was not valid. For the reasons below, we either affirm the trial court or

decline to review Mr. Heeb's alleged error.

WHETHER THE TRIAL COURT WAS BIASED

Although Mr. Heeb's argument is abstruse, he seems to argue that the

commissioner and judges were biased against him. In particular, he argues that

Commissioner Brandt and Judge Brandt, who both heard various motions in this case,

---

[1] It appears Mr. Heeb is appealing a motion for reconsideration. However, the motion for reconsideration is not contained in the record. In his notice of appeal, where it asks for the decision or court order being appealed, Mr. Heeb wrote "Hearings 10/21/2019 through 10/28/21 hearing." CP at 290. Also, on the notice of appeal, underneath the language stating "Copies of these decision or orders are attached to this Notice" Mr. Heeb handwrote "I have all hearings already." *Id*. The attached document to the notice of appeal in the record is simply the cover page of the transcript of proceedings.

were nepotistic. He also appears to assert that the court erred by ordering sanctions against him. We disagree with both arguments.

"Due process, the appearance of fairness doctrine and Canon [2.11] of the Code of Judicial Conduct . . . require a judge to disqualify himself if he is biased against a party or his impartiality may reasonably be questioned." *State v. Dominguez*, 81 Wn. App. 325, 328, 914 P.2d 141 (1996). However, there is a presumption that a judge performs his or her functions regularly and properly without bias or prejudice. *Kay Corp. v. Anderson*, 72 Wn.2d 879, 885, 436 P.2d 459 (1967); *Jones v. Halvorson-Berg*, 69 Wn. App. 117, 127, 847 P.2d 945 (1993). Thus, a party seeking to overcome that presumption must offer some kind of evidence of a judge's actual or potential bias. *Wolfkill Feed & Fertilizer Corp. v. Martin*, 103 Wn. App. 836, 841, 14 P.3d 877 (2000); *Dominguez*, 81 Wn. App. at 329. Other than generally disagreeing with the commissioner's and the judge's rulings, Mr. Heeb offers no evidence of the trial court's alleged bias against him. Consequently, his argument fails.

Mr. Heeb also takes exception to the sanctions ordered against him for failing to appear at multiple depositions and for Ms. Sikes having to respond to his untimely motion "For Sanctions be Stricken or Transferred to Justin Collier." CP at 105 (boldface and some capitalization omitted). We review a lower court's decision on the imposition of sanctions for an abuse of discretion. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 338, 858 P.2d 1054 (1993). A "trial court abuses its

6

discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). A "trial judge has wide latitude to determine what sanctions are proper in a given case." *Deutscher v. Gabel*, 149 Wn. App. 119, 123, 202 P.3d 355 (2009).

To the extent Mr. Heeb argues that Ms. Sikes's CR 37 motion for sanctions was improperly brought, he is incorrect. Ms. Sikes filed a CR 37(d) motion for sanctions against Mr. Heeb alleging he failed to attend scheduled depositions. A hearing was held and sanctions were ordered against Mr. Heeb. Shortly thereafter, Mr. Heeb's counsel withdrew and Mr. Heeb brought a pro se motion for sanctions to be stricken or transferred to Justin Collier. Ms. Sikes responded to the motion and requested further sanctions that were later ordered against Mr. Heeb.

Mr. Heeb alleges that the original CR 37(d) motion violated CR 11(b) because it was not brought separately from any other motion. However, CR 11(b) does not read as Mr. Heeb alleges. Absent from CR 11(b) is any language that requires a motion for sanctions be brought separately from any other motion. Further, even if the rule required what Mr. Heeb alleges, Ms. Sikes's motion would have satisfied the rule. Her motion for CR 37(d) sanctions only requested sanctions for Mr. Heeb's failure to appear at his scheduled depositions.

Mr. Heeb's argument boils down to his disagreement with the court's ruling on the motions for sanctions. However, other than expressing his general disapproval of the

court's rulings, Mr. Heeb does not argue why or how the court erred by ordering

sanctions against him. *State v. Stubbs*, 144 Wn. App. 644, 652, 184 P.3d 660 (2008)

("Passing treatment of an issue or lack of reasoned argument is insufficient to allow for

our meaningful review."), *rev'd on other grounds*, 170 Wn.2d 117, 240 P.3d 143 (2010).

Indeed, the record reflects that Mr. Heeb missed multiple scheduled depositions. The

trial court did not abuse its discretion when it ordered sanctions against Mr. Heeb.

WHETHER MR. HEEB'S ATTORNEY VIOLATED THE RPC

Mr. Heeb protests the representation afforded him by Mr. Collier. Mr. Heeb

alleges his attorney violated RPC 1.2, 1.3, and 1.4.

The state bar association's disciplinary process should handle alleged violations of

the RPCs, not this court. *State v. Lord*, 117 Wn.2d 829, 887, 822 P.2d 177 (1991),

*abrogated on other grounds by State v. Schierman*, 192 Wn.2d 577, 438 P.3d 1063

(2018). The proper "remedy for a claimed violation of the RPC is a request for discipline

by the bar association." *Id.* Thus, we decline to further address this issue.

WHETHER MR. HEEB'S RIGHT TO A FAIR AND IMPARTIAL TRIAL WAS VIOLATED

Mr. Heeb alleges a violation of "Rule 4.6(c)" led to a deprivation of his rights

under the Fifth and Sixth Amendments to the United States Constitution.[2] Br. of

Appellant at 10; U.S. CONST. amend. V, VI. However, he provides no analysis of the

---

[2] The Superior Court Civil Rules lack a "Rule 4.6(c)." Presumably, the appellant is referencing Superior Court Criminal Rule 4.6(c) that, in part, dictates notice requirements for depositions in criminal cases.

issue or any citation to authority, nor does he explain how his rights were violated. The lack of any reasoned argument precludes any meaningful review. *Stubbs*, 144 Wn. App. at 652. Moreover, a trial was never held; Mr. Heeb's complaint was resolved through a settlement agreement. Thus, we decline to address this issue.

WHETHER THE SETTLEMENT AGREEMENT IS VALID

Throughout Mr. Heeb's briefing, he seems to take issue with the CR 2A settlement agreement, arguing it is not valid. However, Mr. Heeb was present at the CR 2A settlement conference, signed the settlement agreement, and explicitly agreed to the settlement in open court. Mr. Heeb's argument that it was "improperly filed" as part of Ms. Sikes's CR 37 motion for sanctions is also unpersuasive. Br. of Appellant at 12.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, J.

9