IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 40395-5-III |
| | ) | |
| MELISSA P. URIBE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| J. JESUS URIBE CARRILLO, | ) | |
| | ) | |
| Respondent. | ) | |

MURPHY, J. — Former spouses Melissa Uribe, also known as Melissa Papaleo (Papaleo), and J. Jesus Uribe Carillo (Uribe Carillo) share two children. Papaleo petitioned for a major modification of the parenting plan, requesting full custody of the children and full decision-making authority. After holding a trial, the court denied Papaleo's proposed modifications, and instead modified the parenting plan to place limitations on Papaleo pursuant to RCW 26.09.191.

After the trial, Papaleo moved to disqualify the trial judge and requested a new trial. These motions were denied.

Papaleo appeals the final order and findings on petition, as well as the parenting plan entered on January 23, 2024. She also appeals the order denying motion for disqualification entered on March 25, 2024. Finally, she appeals the order on motion for reconsideration and new trial entered on April 19, 2024.

Due to deficiencies in the record and briefing, we are unable to address most of Papaleo's assignments of error. Ultimately, however, we affirm all of the trial court's orders.

BACKGROUND

Papaleo and Uribe Carillo married in 2011. They have two children. The parties separated in 2020, with a parenting plan entered on February 13, 2020. The plan named Uribe Carillo as the primary caregiver and granted Uribe Carillo decision-making authority on all major decisions. Papaleo was granted visitation and phone calls.

In 2023, Papaleo moved for a major modification of the parenting plan requesting full custody of the children and full decision-making authority. In her proposed parenting plan, she requested limitations be placed on Uribe Carillo based on allegations of child abuse, domestic violence, assault, abusive use of conflict, and withholding of the children. Papaleo claimed Uribe Carillo was psychologically manipulative, and that he bad-mouthed Papaleo in front of the children and refused to coparent or communicate. She additionally noted there had been two orders of contempt entered against Uribe

Carillo, with a third motion for contempt pending, as additional reasons to place limitations on Uribe Carillo.

The court ultimately found adequate cause to hear Papaleo's petition and held a trial on January 17, 2024. On January 23, 2024, the trial court issued its final order and findings on the petition to change a parenting plan. The trial court denied Papaleo's petition and her request for major modifications, finding the request was not in the children's best interest as there had been no substantial change to the situation of the children or the parent who did not file the petition, and "other reasons." Clerk's Papers (CP) at 144-45.

The concurrently filed parenting plan placed additional limitations on Papaleo as a result of findings that Papaleo engaged in sexual abuse and repeated emotional abuse of the children through inappropriate language, demeaning comments, inappropriate and unwanted touching, and abusive use of conflict. Papaleo was limited to supervised visitation only, for a total of six hours per month, and weekly telephone contact. The court further ordered Papaleo to obtain a mental health evaluation and treatment. The children were to continue living with Uribe Carillo full time, with Uribe Carrillo to retain full decision-making authority.

After trial and entry of the final order and parenting plan, Papaleo sought to disqualify the judge who presided over the trial, claiming the judge had a conflict of

interest and was biased and prejudiced against Papaleo. Papaleo also moved for reconsideration and a new trial.

The trial court denied both motions. In the order denying the motion for disqualification, the trial court judge made findings of fact. The trial court concluded that, pursuant to RCW 4.12.050(1)(a), notice of disqualification must be filed and called to the attention of the judge before the judge has made any discretionary rulings in the case. The trial court also found that Papaleo failed to file the notice of disqualification until after the trial concluded and an order was issued by the court.

In its order on the motion for reconsideration/new trial, the trial court addressed five questions:

1. Should the trial judge have recused herself?
    . . . .
2. Was the Respondent treated unfairly?
    . . . .
3. Was the Petitioner's evidence taken into consideration in making the final decision.
    . . . .
4. Was the Petitioner given the opportunity to present her evidence without being cut short?
    . . . .
5. Is the interpreter required to take breaks?

CP at 201-03 (boldface omitted). After answering each question, the trial court denied the motion for reconsideration/new trial.

4

ANALYSIS

On appeal, Papaleo asserts eight assignments of error where she claims the trial court abused its discretion. Papaleo's assignments of error can be grouped into two categories: (1) due process was violated and (2) substantial evidence does not support the outcome.

As a preliminary matter, Papaleo presented a deficient record on appeal that prevents review of issues. The record on review does not contain a transcript from any trial court proceeding. Papaleo filed a notice in which she stated that a verbatim report of proceedings would not be filed. As the appellant, Papaleo "has the burden of perfecting the record so that [this] court has before it all the evidence relevant to the issue[s]" on appeal. *In re Marriage of Haugh*, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990). Under RAP 9.2(b), "[a] party should arrange for the transcription of all those portions of the verbatim report of proceedings necessary to present the issues raised on review." The rule specifically provides that a party claiming that a finding of fact was not supported by the evidence, "should include in the record all evidence relevant to the disputed verdict or finding." *Id*.

Here, the challenged orders were entered following a bench trial. The court's findings that support its conclusions were based on evidence presented at trial. Without transcripts from the trial, it is not possible to determine if the evidence presented at trial

supports the court's findings. As Papaleo failed to provide the court with a record

sufficient for review, we cannot reach the merits of many of her arguments, with those

instances in which the deficient record prevents appellate review being identified in the

opinion. *See Olmsted v. Mulder*, 72 Wn. App. 169, 183, 863 P.2d 1355 (1993) (noting

that the court could not reach the merits of the appellant's argument because he failed to

provide the court with a sufficient trial record).

*Due process and right to trial before a neutral judge*

Papaleo claims she was deprived of her rights to due process and trial before a

neutral judge because the judge allegedly had a conflict of interest.

"A fair trial in a fair tribunal is a basic requirement of due process." *In re

Murchison*, 349 U.S. 133, 136, 75 S. Ct. 623, 99 L. Ed. 942 (1955). Under the appearance

of fairness doctrine, "a judicial proceeding is valid if a reasonably prudent, disinterested

observer would conclude that the parties received a fair, impartial, and neutral hearing."

*State v. Solis-Diaz*, 187 Wn.2d 535, 540, 387 P.3d 703 (2017). An impartial tribunal is

one marked by the absence of actual or apparent bias. *See State v. Post*, 118 Wn.2d 596,

618, 826 P.2d 172, 837 P.2d 599 (1992). We presume judges act without bias. *See In re

Pers. Restraint of Davis*, 152 Wn.2d 647, 692, 101 P.3d 1 (2004). "The party seeking to

overcome that presumption must provide specific facts establishing bias. Judicial rulings

alone almost never constitute a valid showing of bias." *Id*. (footnote omitted).

In general, "a [party] who has reason to believe that a judge should be disqualified must act promptly to request recusal and 'cannot wait until [they have] received an adverse ruling and then move for disqualification.'" *In re Pers. Restraint of Swenson*, 158 Wn. App. 812, 818, 244 P.3d 959 (2010) (quoting *State v. Carlson*, 66 Wn. App. 909, 917, 833 P.2d 463 (1992)). Papaleo did not request disqualification of the trial court judge either before or during trial.

Papaleo asserts that the trial judge should have recused because Uribe Carillo had done construction work on the trial judge's house. Papaleo claims the judge favored Uribe Carillo due to this personal connection and that the judge ruled against Papaleo out of fear that Uribe Carillo knew where the judge lived.

In making these claims, Papaleo provided no credible evidence that the trial judge knew or had a relationship with Uribe Carillo. In the order denying the motion for disqualification and in the order denying the motion for reconsideration/new trial, the trial court judge made a finding that she did not know Uribe Carillo and did not have any relationship with him. Even if the trial judge knew Uribe Carillo, there is no evidence, other than Papaleo's self-serving declarations, that establishes any "relationship" resulting in bias toward Uribe Carillo or otherwise undermining the validity of the trial judge's rulings. *See State v. Dominguez*, 81 Wn. App. 325, 327-29, 914 P.2d 141 (1996) (Holding evidence that a judge "worked as a lawyer for or against a party in a previous,

7

unrelated case," without a specific showing of actual or potential bias, is insufficient to disqualify the judge.). E-mails appended to Papaleo's declarations do not show the trial court attempted to conceal any bias or information. Rather, these e-mails show communication between Papaleo and various court staff in which Papaleo requested information on her case or asked procedural questions, and court staff answered her questions or directed her to the persons who could answer her questions.

Papaleo alleges numerous additional claims of bias, including the following: (1) the trial court judge discriminated against her because she is Caucasian, (2) the trial court refused to consider her proposed parenting plan or evidence of the contempt orders against Uribe Carillo, (3) the trial ended prematurely due to weather concerns, and (4) she was prejudiced because the interpreter continuously needed to stop and take breaks.

Papaleo's claims are unfounded. An appellant bears the burden of perfecting the record on appeal. *State v. Bennett*, 168 Wn. App. 197, 207 n.9, 275 P.3d 1224 (2012); *see* RAP 9.2(b). "When an appellant fails to so perfect the record, we are necessarily compromised in our ability to fairly evaluate the findings in light of that record. In such situations, the trial court's findings of fact may be accepted as verities." *Yorkston v. Whatcom County*, 11 Wn. App. 2d 815, 824, 461 P.3d 392 (2020) (citation omitted).

The trial court's findings are accepted as verities on appeal and its conclusions of law stand. On the evidence presented, the trial court did not abuse its discretion in denying Papaleo's motion to disqualify or her motion for reconsideration/new trial.

Papaleo additionally claims the trial court judge erred by reviewing Papaleo's posttrial motions, rather than having a new judge review these motions. It was not error for the trial judge to review Papaleo's motions, as this is consistent with the court rules.

*Substantial evidence exists for findings of fact*

Papaleo also challenges several of the trial court's findings from the final order and findings on the petition to change a parenting plan or custody order, as well as the order denying the motion for disqualification, and the order on motion for reconsideration/new trial.

Findings of fact are reviewed for substantial evidence. *Raven v. Dep't of Soc. & Health Servs.*, 167 Wn. App. 446, 461, 273 P.3d 1017 (2012). "'Substantial evidence' is evidence sufficient to persuade a fair-minded, rational person of the truth of the declared premise." *Price v. Kitsap Transit*, 125 Wn.2d 456, 464, 886 P.2d 556 (1994). Unchallenged findings constitute verities on appeal. *See In re Est. of Jones*, 152 Wn.2d 1, 8, 93 P.3d 147 (2004). Challenged findings are verities if they are supported by substantial evidence. *See In re Marriage of Black*, 188 Wn.2d 114, 127, 392 P.3d 1041 (2017). When considering whether evidence is substantial, "[w]e do not review the trial

court's credibility determinations or weigh conflicting evidence 'even though we may disagree with the trial court in either regard.'" *Id*. (quoting *In re Welfare of Sego*, 82 Wn.2d 736, 740, 513 P.2d 831 (1973).

> *Final order and findings on petition to change a parenting plan*

Papaleo challenges the court's reasons for denying her request for a major change in the final order and findings on petition to change a parenting plan. First, she claims the finding that there has been no substantial change is unsupported as her move back to the state of Washington from Italy is a substantial change. On the order, the court marked that "there has been no substantial change to the situation of the children or the parent who did not file the *Petition*." CP at 145. Papaleo filed the petition. Papaleo's claim of substantial change is to her own situation, not to Uribe Carrillo's situation. As the record does not show there has been a substantial change to the situation of the parent who did not file the petition, or of the children, the finding is supported by the evidence.

Second, Papaleo challenges the "other reasons" the court entered for denying her petition. CP at 145. She claims the findings are unsupported by any evidence other than Uribe Carrillo's testimony at trial. Without a report of proceedings from the trial, this court is unable to review Papaleo's challenge. *See Sunderland Fam. Treatment Servs. v. City of Pasco*, 107 Wn. App. 109, 116, 26 P.3d 955 (2001). Even if Papaleo had properly perfected the record, this court does not reevaluate the record to reweigh evidence or

make credibility determinations. *Ancier v. Med. Quality Assurance Comm'n*, 140 Wn. App. 564, 575, 166 P.3d 829 (2007). She does not assert that the court abused its discretion in considering the evidence admitted at trial.

### *Order denying motion for disqualification*

Next, in the order denying the motion for disqualification, Papaleo challenges findings of fact 5, 8, 10, 11, 14, and 15. The rules of appellate procedure require that an appellant identify assignments of error with a "concise statement of each error a party contends was made by the trial court" along with reference to material portions of the challenged finding in the brief or appendix. RAP 10.3(a)(4); RAP 10.4(c). An appellant's brief must "[r]eference to the record . . . for each factual statement" along with "[a] statement of the facts and procedure relevant to the issues." RAP 10.3(a)(5). Further, the brief must contain "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Papaleo has failed to follow these requirements. Regardless, we take each challenge as presented.

As to finding of fact 5, Papaleo challenges that the judge "took advantage of" Papaleo appearing pro se. Br. of Appellant at 11. Both parties appeared pro se at trial. The evidence supports that Papaleo appeared pro se, but there is nothing to suggest that any advantage was given to either party because of this status.

11

As to finding of fact 8, Papaleo claims the judge falsely stated she did not know Uribe Carillo despite the fact that Uribe Carillo had done construction work at the judge's house. In the order on motion for reconsideration/new trial, the judge recounted that her house was built over seven years prior to the parties' filing for dissolution of the marriage and was built by a general contractor. The trial court additionally found that Uribe Carillo did not know the judge, but rather he knew who she was. Papaleo provides no credible evidence contradicting the judge's findings. Papaleo's reliance on statements in her declarations attached to her posttrial motions are not persuasive.

Papaleo challenges findings of fact 10 and 11, in which the judge advised the parties at trial that she would not recuse because she did not know Uribe Carillo and did not have any relationship with him. At trial, Uribe Carillo stated that he knew who the trial court judge was because he had worked on her house. The judge asked Papaleo if she understood what Uribe Carillo said, and Papaleo advised the court she did understand and repeated back to the court her understanding. The trial judge stated she did not know Uribe Carillo and did not have a relationship with him, and, therefore, did not intend to recuse herself. Papaleo acquiesced and said, "'ok.'" CP at 197. There is no evidence that supports a challenge that these findings were not based on substantial evidence.

Papaleo challenges finding of fact 14 and claims the trial court incorrectly found that it inquired several times as to whether either party had anything additional to present,

12

with both parties stating they did not. Again, without a report of proceedings from the trial, this court is unable to review Papaleo's challenge. This finding is a verity on appeal.

Next, Papaleo challenges finding of fact 15, in which the trial court found that "[Papaleo] presented her case and was able to present rebuttal if she so chose." CP at 197. Papaleo claims this finding is incorrect as Papaleo did not know what rebuttal meant, the judge did not clarify what rebuttal meant, and she missed the opportunity to present rebuttal. Again, without a report of proceedings, the court cannot review Papaleo's claim, and the finding is a verity on appeal.

### *Order on motion for reconsideration/new trial*

Finally, Papaleo challenges the order on motion for reconsideration/new trial, claiming there are "multiple statements that are . . . not correct" illustrating that the judge "completely defended" and "took sides to only favor" Uribe Carillo. Br. of Appellant at 15. In asserting these challenges, Papaleo does not identify which statements from the court she contends are false and does not point to any evidence showing that the judge improperly favored Uribe Carillo. We decline to consider these claims. *See In re Vulnerable Adult Pet. for Winter*, 12 Wn. App. 2d 815, 835, 460 P.3d 667 (2020).

No. 40395-5-III
*In re Marriage of Uribe*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Murphy, J.

WE CONCUR:

_____
Staab, A.C.J.

_____
Cooney, J.